## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, Individually And On Behalf Of All Others Similarly Situated, | Case No. 6:16-cv-1243 |
| | Judge Robert W. Schroeder, III |
| Plaintiff, | |
| vs. | |
| ADEPTUS HEALTH INC., THOMAS S. HALL, TIMOTHY L. FIELDING, RICHARD COVERT, DANIEL W. ROSENBERG, GREGORY W. SCOTT, RONALD L. TAYLOR, JEFFERY S. VENDER, STEVEN V. NAPOLITANO, STEPHEN M. MENGERT, STERLING PARTNERS, GOLDMAN, SACHS & CO., AND MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, | |
| Defendants. | |

[additional captions on following page]

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
## THE MOTION OF ALAMEDA COUNTY EMPLOYEES' RETIREMENT
## ASSOCIATION AND ARKANSAS TEACHER RETIREMENT SYSTEM
## <u>FOR CONSOLIDATION OF RELATED ACTIONS</u>

| | |
|---|---|
| LABORERS' LOCAL 235 BENEFIT FUNDS, Individually And On Behalf Of All Others Similarly Situated, | Case No. 6:16-cv-1391 |
| | Judge Robert W. Schroeder, III |
|                Plaintiff, | |
|      vs. | |
| ADEPTUS HEALTH INC., THOMAS S. HALL, TIMOTHY L. FIELDING, RICHARD COVERT, DANIEL W. ROSENBERG, GREGORY W. SCOTT, RONALD L. TAYLOR, JEFFERY S. VENDER, STEVEN V. NAPOLITANO, DANIEL J. HOSLER, STEPHEN M. MENGERT, STERLING PARTNERS, GOLDMAN, SACHS & CO., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, EVERCORE GROUP LLC, MORGAN STANLEY & CO. LLC, DOUGHERTY & COMPANY LLC, DEUTSCHE BANK SECURITIES INC., AND BMO CAPITAL MARKETS CORP. | |
|                Defendants. | |
| WINSTON KIM, Individually And On Behalf Of All Others Similarly Situated, | Case No. 6:17-cv-150 |
| | Judge Robert W. Schroeder, III |
|                Plaintiff, | |
|      vs. | |
| ADEPTUS HEALTH INC., GREGORY W. SCOTT, THOMAS S. HALL, FRANK R. WILLIAMS JR., AND TIMOTHY L. FIELDING, | |
|                Defendants. | |

Presumptive Lead Plaintiff ACERA and Arkansas Teacher respectfully submit this reply in further support of their motion for consolidation of related actions.[1]

## ARGUMENT

### I.    *Kim* Should Be Consolidated with the *Oklahoma* and *Laborers* Actions

Consolidation under Federal Rule of Civil Procedure 42(a) is appropriate where the "actions before the court involve a common question of law *or* fact."  As set forth in ACERA's and Arkansas Teacher's opening brief, and as echoed by every other party before the Court apart from Kim, the *Oklahoma*, *Laborers*, and *Kim* actions present numerous common questions of *both* law and fact.  *See* Mot. at 9-10; *Oklahoma*, ECF No. 45;[2] *Kim*, ECF No. 4.  The three actions assert claims under the same provisions of federal securities laws, against overlapping defendants (and an identical corporate defendant), across largely overlapping class periods, all arising from Adeptus's predatory billing practices and publication of false and misleading financial statements.  Mot. at 2, 4-7.  Indeed, the *Kim* complaint identifies "questions of law and fact" common to class members that are virtually identical to those enumerated in both the *Oklahoma* and *Laborer* complaints.  *See Reitan v. China Mobile Games & Entm't Grp., Ltd.*, 68 F. Supp. 3d 390, 394 (S.D.N.Y. 2014) (consolidation warranted where "each complaint alleges that the same questions of law and fact are common to the class").[3]

---

[1] All capitalized terms have the meaning ascribed to them in ACERA and Arkansas Teacher's opening brief (referred to herein as "Mot."). "Op." refers to Winston Kim's opposition to the motion for consolidation. Unless otherwise indicated, all emphases herein are added.

[2] Laborers agrees that consolidation is appropriate and supports ACERA and Arkansas Teacher's motion, but objects to ACERA and Arkansas Teacher's status as the "presumptive" lead plaintiff. ECF No. 45 at 1. Tellingly, Laborers does not dispute that both ACERA and Arkansas Teacher assert a larger financial interest than Laborers, or otherwise challenge ACERA except to claim it is somehow unqualified because it sought joint appointment with Arkansas Teacher. As set forth in prior briefing, Laborers' arguments are meritless. *See, e.g.*, ECF No. 34.

[3] *Compare Kim*, ECF No. 1 at ¶32 (common questions include "whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the financial condition and business [of] Adeptus" and "whether Defendants acted knowingly or recklessly in issuing false and [misleading] SEC filing[s]"), *with Laborers*, ECF No. 1 at ¶151 (common questions include whether "statements made by Defendants . . . were

In an effort to avoid consolidation, Kim and his counsel manufacture distinctions between his case and the first-filed actions.  These purported distinctions are insufficient to avoid consolidation under Rule 42 and Kim provides no legitimate justification to force the Court and the parties to litigate related securities fraud claims against Adeptus in multiple distinct actions.

*First*, Kim argues that his action is "distinct" because his complaint alleges the Company's statements in SEC filings failed to disclose material weaknesses in internal controls over financial reporting, and therefore, will involve an entirely unique set of facts.  Op. at 3-8.  This is wrong.  To the contrary, like *Kim*, *Oklahoma* and *Laborers* allege that Adeptus's statements in SEC filings concerning the adequacy of the Company's internal controls, including statements that its SEC filings disclosed "[a]ll significant deficiencies and material weaknesses in the design or operation of internal control over financial reporting," were false and misleading. *Oklahoma*, ECF No. 1 at ¶¶96-97, 107.  Thus, despite Kim's claims, the *exact same* misleading omissions relating to deficiencies in Adeptus's internal controls alleged in *Kim* are alleged to be false in *Oklahoma* and *Laborers*, and will be at issue in the consolidated action.

More fundamentally, however, consolidation is appropriate because the falsity of the statements *Kim* alleges are actionable, including statements about Adeptus's internal controls over "revenue recognition" and "accounts receivable," turn on the ***same core facts*** about Adeptus's billing practices at issue in the *Oklahoma* and *Laborer* actions.  Indeed, Adeptus's internal controls are alleged to have been deficient ***because*** they failed to detect and prevent the publication of the false and misleading financial statements identified in the *Oklahoma* and *Laborers* complaints.  *See* Mot. at 4-5, 9-10.  It is obvious that these claims go hand-in-hand— and the Lead Plaintiff ultimately appointed in the consolidated *Oklahoma* and *Laborers* case will

---

materially inaccurate as to facts about the business, operations and prospects of Adeptus Health" and "Defendants acted knowingly or recklessly in issuing false and misleading statements"), *Oklahoma*, ECF No. 1 at ¶22 (same).

include each set of claims in the post-appointment consolidated complaint.  Accordingly, even if there were any real difference between the allegations, which there is not, it is well-established that such "minor differences . . . can be resolved when the appointed lead plaintiff files a consolidated complaint."  *Olsen v. N.Y. Cmty. Bancorp, Inc.*, 233 F.R.D. 101, 104-05 (E.D.N.Y. 2005).[4]

Undeterred, Kim claims he will "not need to prove a single fact regarding the Company's billing practices and preparation of financial statements."  Op. at 4.  Again, this is not true and, in fact, it is blatantly contradicted by the allegations in Kim's own complaint.  For instance, *Kim* alleges that Adeptus's statements in SEC filings "***attesting to the accuracy of the financial statements***" in those filings were false and misleading.  *Kim*, ECF No. 1 at ¶20.[5]  Likewise, Kim alleges that one of the questions "of law and fact" at issue in his case is whether Defendants "misrepresented material facts about the ***financial condition*** and ***business*** [of] Adeptus."  *Id*. at ¶32.  Moreover, the material weakness at the heart of the *Kim* action relates to "revenue recognition" and "accounts receivable," which Kim claims rendered false Adeptus's statements about its efforts to improve the Company's process for "coding and billing payors"—*i.e.*, the controls over the very "billing practices" at issue in *Oklahoma* and *Laborers.  See, e.g.*, *id*. at ¶17, 19, 21, 23, 24; *cf. Oklahoma*, ECF No. 1 at ¶¶41-46.  It defies common sense for Kim to argue that the crux of his case concerns deficiencies in Adeptus's "internal control over ***financial reporting***," and yet claim he will "not need to prove a single fact" relating to the Company's

---

[4] *See, e.g.*, *Kux–Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 475 (S.D.N.Y. 2016) (consolidation proper despite "different financial statements" because "all plaintiffs rely on a common pattern of factual allegations and share a common legal question"); *In re Facebook, Inc., IPO Securities & Derivative Litigation*, 288 F.R.D. 26, 35–36 (S.D.N.Y. 2012) (consolidation appropriate where claims arose "out of the same series of events," despite differences in statements alleged to be false, claims, and theories of liability); *Kaplan v. Gelfond*, 240 F.R.D. 88, 92 (S.D.N.Y. 2007) (despite "different financial statements," consolidation warranted because of "common pattern" of allegations); *Emergent Capital Inv. Mgmt., LLC v. Stonepath Gr, Inc.*, 165 F. Supp. 2d 615, 627 (S.D.N.Y. 2001) (despite differences in statements and causes of action, same "parties and subject matter" warranted consolidation).

[5] Notably, the *Oklahoma* complaint also alleges these statements were false and misleading.  ECF No. 1 at ¶96.

"preparation" of financial reports that concern the Company's billing practices.  Op. at 4, 7.

**Second**, tacitly acknowledging that the overwhelming weight of authority runs contrary to his position, Kim half-heartedly argues that the difference in class periods between the *Kim* and the first-filed actions bars consolidation.  Op. at 6-7.  This is also untrue.  Courts across the country routinely hold that "[d]ifferences in . . . the class period do not render consolidation inappropriate" where, as here, "the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation." *Kaplan*, 240 F.R.D. at 91; *see also Kux–Kardos*, 151 F. Supp. 3d at 475; *Reitan*, 68 F. Supp. 3d at 394, *Facebook*, 288 F.R.D. at 35; Mot. at 8-9.[6]  Again, variation in the duration of alleged class periods is precisely the type of "minor difference[]" that courts have overwhelmingly held "can be resolved when the appointed lead plaintiff files a consolidated complaint."  *Olsen*, 233 F.R.D. at 104–05; *see also Kaplan*, 240 F.R.D. at 91.

**Third**, consolidation is particularly appropriate here given that the PSLRA's lead plaintiff appointment provisions are intended to end lawyer-driven litigation and ensure an orderly and efficient process for determining the leadership of securities class actions as "soon as practicable."[7]  Here, Kim's counsel previously sought appointment as lead counsel on behalf of other clients in the *Oklahoma* and *Laborers* actions, but withdrew that application in recognition that its clients lacked the "largest financial interest" and would not be appointed.  *See Oklahoma*, ECF No. 26. Given this history, Kim's counsel's effort to file a new complaint concerning the same conduct appears to be an end-run around the PSLRA-mandated lead plaintiff appointment

---

[6] Kim's attempt to distinguish *In re MicroStrategy Inc. Securities Litigation*, 110 F. Supp. 2d 427 (E.D. Va. 2000) and *Kaplan v. Gelfond*, 240 F.R.D. 88 (S.D.N.Y. 2007) fails, as each case dealt with "different financial statements" much like those at issue here.  *See, e.g., Kaplan,* 240 F.R.D. at 91 (noting that complaints relied on "different financial statements").

[7] *See, e.g.*, *Lax v. First Merchs. Acceptance Corp.,* 1997 WL 461036, at *4 (N.D. Ill. Aug. 11, 1997) (permitting filing of new class period and notice to restart lead plaintiff appointment process would "thwart the intent of the PSLRA"); *In re Bank of Am. Corp. Sec., Deriv. & ERISA Litig.*, 2010 WL 1438980, at *2 (S.D.N.Y. Apr. 9, 2010).

process—a tactic that should be rejected as contrary to the core mandate of the PSLRA.  *See, e.g.*, *In re Bank of Am.*, 2010 WL 1438980, at *2; *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 82 n.13 (2d Cir. 2004).[8]

## II.    The Notice Issued in *Kim* was Improper and Any Prejudice is Illusory

Kim defends his improper PSLRA notice based solely on his misguided consolidation arguments, claiming that new notice "may be required" where an amendment to a complaint makes "entirely new factual and legal allegations."  Op. at 8.  But this claim is untrue.  As set forth above, Kim's own complaint makes clear that the "questions of law and fact" common to class members in all actions are nearly identical.[9]  There can be no prejudice because *all* class members' claims will be represented by the investors who already timely moved for lead plaintiff appointment.  Indeed, ACERA and Arkansas Teacher have committed to pursuing the claims alleged in *Kim*, belying any possible prejudice, and Kim's notice should be disregarded. *See, e.g.*, *Turner v. ShengdaTech, Inc.*, 2011 WL 6110438, at *2 (S.D.N.Y. Dec. 6, 2011).

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in their opening brief, ACERA's and Arkansas Teachers' motion for consolidation should be granted.

---

[8] Kim's authorities have no bearing on the factually and legally overlapping cases here.  For example, in *Alley v. Chrysler Credit Corp.*, a used car purchaser sought consolidation of a case alleging "odometer violations" with another action concerning a distinct transaction.  767 F.2d 138 (5th Cir. 1985).  But even there, the Fifth Circuit observed the "cases could have been properly consolidated."  *Id.* at 140.  Likewise, *Picard v. Am Tobacco Co.* considered a wrongful death action and a personal injury case in which the respective plaintiffs sought damages for two distinct injuries.  1996 WL 156861, at *2 (E.D. La. April 3, 1996).  *Pugh v. Baker Hughes Oilfield Operations Inc.* concerned consolidation of a wage and hour case with an employment discrimination case – which sought distinct remedies under different statutory regimes.  2007 WL 3378377, at *2 (S.D. Tex. Nov. 13, 2007).  Finally, *Smith v. Ramirez* addressed three prisoner's rights cases involving "different facts" and "different defendants."  2006 WL 801028, at *1 (S.D. Tex. Mar. 28, 2006).

[9] Kim's cases (Op. at 8-9) are inapposite.  In *In re Select Comfort Corp. Securities Litigation*, the amendment added new claims, new parties, and "entirely new factual and legal allegations," and the appointed lead plaintiffs did not have standing.  2000 WL 35529101 at *6-14 (D. Minn. Jan. 27, 2000).  Likewise, in *Waldman v. Wachovia Corp.*, the amendment transformed the case from "a sales practices case" to a "market manipulation" case, and greatly expanded the class to include numerous additional offerings and investors.  2009 WL 2950362, at *1 (S.D.N.Y Sept. 14, 2009).

DATED:  April 17, 2017

Respectfully Submitted,

*/s/ George L. McWilliams*
George L. McWilliams
Texas Bar No. 13877000
**LAW OFFICES OF GEORGE L.**
**MCWILLIAMS, P.C.**
P.O. Box 58
Texarkana, Texas-Arkansas 75504
Tel: (870) 772-2055
Fax: (870) 772-0513
glmlawoffice@gmail.com

*Liaison Counsel for Proposed Lead*
*Plaintiff ACERA and Arkansas Teacher*

Gerald H. Silk
(*pro hac vice* application forthcoming)
Avi Josefson
(*pro hac vice* application forthcoming)
Michael Blatchley
(*pro hac vice* application forthcoming)
**BERNSTEIN LITOWITZ BERGER**
 **& GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1282
jerry@blbglaw.com
avi@blbglaw.com
michaelb@blbglaw.com

*Counsel for Proposed Lead Plaintiff*
*ACERA and Arkansas Teacher and*
*Proposed Co-Lead Counsel for the Class*

Naumon A. Amjed
(admitted *pro hac vice*)
Darren J. Check
(admitted *pro hac vice*)
Ryan T. Degnan
(admitted *pro hac vice*)
**KESSLER TOPAZ MELTZER**
 **& CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706

Fax: (610) 667-7056
namjed@ktmc.com
dcheck@ktmc.com
rdegnan@ktmc.com

*Counsel for Proposed Lead Plaintiff*
*ACERA and Arkansas Teacher and*
*Proposed Co-Lead Counsel for the Class*

Matt Keil
Texas Bar No. 11181750
**KEIL & GOODSON P.A.**
406 Walnut Street
Texarkana, Arkansas 71854
Tel: (870) 772-4113
Fax: (870) 773-2967
mkeil@kglawfirm.com

*Additional Counsel for Proposed Lead Plaintiff*
*ACERA and Arkansas Teacher*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, April 17, 2017, I electronically filed the above Reply Memorandum of Law in Further Support of the Motion of Alameda County Employees' Retirement Association and Arkansas Teacher Retirement System for Consolidation of Related Actions, using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

*/s/ George L. McWilliams*
George L. McWilliams
